# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MARY BETH CHAUVIN** * | | **CIVIL ACTION** |
| Plaintiff * | | NO: 19-10493 |
| **Versus** * | | |
| **SYMETRA LIFE INSURANCE COMPANY** * | | **JUDGE:** |
| Defendant * | | **MAGISTRATE:** |

## COMPLAINT

1. The plaintiff, Mary Beth Chauvin ("Chauvin"), brings this action against defendant, Symetra Life Insurance Company ("Symetra"), for benefits payable under a short-term disability and long-term disability plan ("Plan") sponsored by her employer, Terrebonne Parish School Board. Ms. Chauvin is a 57-year-old woman domiciled in Terrebonne Parish, Louisiana.

2. Besides being the insurer of the Plan, Symetra is also the sole entity responsible for determining whether claims such as the plaintiff's should be paid. Accordingly, the defendant is the claim administrator and a fiduciary of the plan for the purpose of deciding whether benefits are payable. As the claim administrator, insurer, and fiduciary of the plan in which plaintiff participated, the defendant is a proper party defendant in the matter *sub judice* wherein plaintiff seeks benefits pursuant to ERISA 29 U.S.C. §1132(a)(1)(B).

3. This Complaint challenges the defendant's: 1) unreasonable and unlawful denial of short-term and long-term disability income benefits despite the substantial medical evidence demonstrating her qualifications for said benefits; 2) a pattern of rejecting and/or ignoring the substantial evidence supporting Chauvin's eligibility for benefits; 3) failure to provide Chauvin

with a full and fair review of her claim,; and 4) failure to provide a reasonable claims procedure that would yield a decision on the merits of Chauvin's claim.

4. Chauvin is filing this action to recover benefits due under the Plan, to enforce the present rights existing therein, to clarify her rights under the terms of the Plan, and to recover costs, attorney's fees, and pre- and post-judgment interest as provided by ERISA.

5. This Court has personal jurisdiction over the defendant and subject matter jurisdiction over this case under 29 U.S.C. § 1132(e) and (f) without regard to jurisdictional amount or diversity of citizenship, in that the Plan was administered in this district and the defendant's breach of its ERISA obligations occurred in this district.

6. The defendant is domiciled in the state of Washington with its principal place of business in Washington.

### CHAUVIN'S DISABILITY

7. At the time Chauvin became disabled, she was a fully-vested member of both the long-term and short-term disability plans offered by her employer. She was employed as a guidance secretary with the Terrebonne Parish School Board.

8. She became disabled due to fibromyalgia, diabetes, anxiety, and depression.

9. Her treating physicians have certified that she is disabled and cannot work. All relevant medical records are in the administrative record. Her former employer Terrebonne Parish School Board considers her medically disabled.

10. Defendant has failed to properly consider the fact that continuing to work would exacerbate her conditions and constitute a risk to her health.

11.     She continues to be medicated with medication that would make it impossible for her to work.

## APPEAL

12.     Ms. Chauvin appealed both her short-term and long-term disability claim denials and has therefore exhausted administrative remedies within the meaning of ERISA.

## SUMMARY

13.     The plaintiff has been disabled from her own occupation and from any occupation, since December of 2016.

14.     The plaintiff exhausted her administrative remedies for both the short-term and long-term disability plans.

15.     The defendant failed to provide Chauvin with a full and fair review of her claim for benefits.

16.     Any discretion to which defendant may claim it is entitled under the Plan is negated by its failure to provide the plaintiff with an explanation as to its adverse action and a full and fair review of her claim for benefits.

17.     The defendant was motivated by its financial conflict of interest when it denied Chauvin's claim for benefits.

## FIRST CAUSE OF ACTION

(Enforcement of Terms of the Plan and Action for Unpaid Benefits)

18.     Plaintiff re-alleges each of the paragraphs above as if fully set forth herein.

19. The Plan is a contract.

20. Plaintiff has performed all of his obligations under the contract.

21. 33.29 U.S.C. § 1132(a)(1)(B) states that: A civil action may be brought -

by a participant or beneficiary –

"For the relief provided for in subsection (c) of this section, or to recover benefits due to him under the terms of his Plan, to enforce his rights under the terms of the Plan, or to clarify his rights to future benefits under the terms of the Plan."

22. The defendant's actions constitute an unlawful denial of benefits under ERISA, as provided in 29 U.S.C. § 1132(a)(1)(B).

23. The defendant unlawfully denied plaintiff's benefits in part by: (1) rejecting the substantial evidence supporting plaintiff's claim; and (2) denying plaintiff a full and fair review of the decision to deny her benefits.

24. In accordance with 29 U.S.C. §1132, plaintiff is entitled to be paid benefits under the Plan based upon her disabled status during her period of disability.

25. The defendant has refused to provide plaintiff with these disability benefits and is, therefore, in breach of the terms of the Plan and ERISA.

26. As a direct and proximate result of this breach, plaintiff has lost the principal and the use of her rightful long-term disability benefits.

## SECOND CAUSE OF ACTION

(Attorneys' Fees and Costs)

27. Plaintiff realleges each of the paragraphs above as if fully set forth herein.

28. Under the standards applicable to ERISA, plaintiff deserves to recover "a reasonable attorneys' fee and costs of the action" herein, pursuant to section 502(g)(1) of ERISA, 29 U.S.C. Section 1132(g).

29. The defendant has the ability to satisfy the award.

30. The defendant acted in bad faith in denying plaintiff's benefits under the Plan. The award of attorneys' fees against the defendant will deter the defendant and similarly- situated ERISA fiduciaries from undertaking the same unfair, limited review as in this case.

31. To the extent any of the disputes between Chauvin and the defendant arising under the Plan are not governed by and/or preempted by ERISA, plaintiff reserves all rights and remedies available to her under the Louisiana law of contracts, Louisiana insurance law, the Louisiana Civil Code, and the Louisiana Revised Statutes.

32. WHEREFORE, the plaintiff respectfully prays that the Court:

    A. Declare, adjudge, and decree that plaintiff is entitled to long-term disability benefits as calculated under the terms of the Plan for the pendency of disability;

    B. Award plaintiff the full amount of unpaid benefits under the Plan to which she is entitled, together with such pre-suit and post-suit interest as may be allowed by law;

C. Order that the defendant make restitution to plaintiff in the amount of any losses sustained by plaintiff in consequence of the wrongful conduct alleged herein, together with pre-suit and pre-judgment interest.

D. Award plaintiff the costs of this action and reasonable attorneys' fees;

E. Award such other relief as the Court deems just and reasonable.

Respectfully submitted,

THE PELLEGRIN FIRM, L.L.C.

/s/ David C. Pellegrin

DAVID C. PELLEGRIN, T.A. (La Bar # 34957)
3500 North Hullen Street
Suite 17D
Metairie, LA 70002
email: dpellegrin@pellegrinfirm.com
phone: 504-405-3245
fax: 1-866-651-8738
Attorney for Plaintiff

PLEASE SERVE:

Symetra Life Insurance Company
Through its agent for service:
Louisiana Secretary of State
P.O. Box 94125
Baton Rouge, LA 70804-9125